IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| *Plaintiff*, | : Case No. 1:23-cr-17 |
| vs. | : Judge Jeffery P. Hopkins |
| MIKELLE HILL (3), | : |
| *Defendant.* | : |

## OPINION & ORDER

After months of investigation and surveillance by DEA agents, Defendant Mikelle Hill along with her suspected boyfriend Romello Wheeler, and his father Stephen Wheeler (collectively, the "Wheeler Defendants"), were indicted by a federal grand jury on charges of conspiring to distribute controlled substances. Doc. 15. All three defendants are allegedly part of a drug trafficking organization (the Wheeler DTO), which distributes fentanyl, methamphetamine, cocaine, and marijuana in and around Cincinnati, Ohio.

Defendant Mikelle Hill is scheduled to proceed to trial by jury on November 4, 2024, alongside the Wheeler Defendants. Hill, however, now asks that her trial be severed from that of her two co-defendants. The Government opposes this request. *See* Doc. 92. For the reasons set forth below, Hill's Motion to Sever (Doc. 90) is **DENIED**.

**I.   LAW & ANALYSIS**

Rule 8(b) provides that two or more defendants may be charged in a single indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Though

joint trials are favored to promote efficiency and avoid inconsistent verdicts, *Zafiro v. United States*, 506 U.S. 534, 537 (1993), a trial court may sever multi-defendant trials if consolidation for trial would be prejudicial to a defendant or the government. Fed. R. Crim. P. 14(a). "When a defendant seeks severance, [s]he has a heavy burden of showing specific and compelling prejudice." *United States v. Harris*, 9 F.3d 493, 500 (6th Cir. 1993). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39.

Hill contends that severance is required here because she and Romello Wheeler have antagonistic defenses. In essence, Hill argues that she and Romello Wheeler will offer defenses that place blame on the other, which may cause the jury to "conflate two varying explanations, or worse, assume that both defendants are lying…" Doc. 90, PageID 1219. However, "the attempt of one defendant to save [his or herself] by inculpating another does not require that defendants be tried separately." *United States v. Warner*, 971 F.2d 1189, 1196 (6th Cir. 1992) (Warner II). In this case, Hill has the burden "to show that an antagonistic defense would present a conflict 'so prejudicial that defenses are irreconcilable, and the jury will unjustifiably infer that this conflict alone demonstrates that both are guilty.'" *Id.*

Very similar facts as are presented in the case at bar were also before the Supreme Court in *Zafiro*. Like this case, *Zafro* was one that involved four defendants accused of distributing illegal drugs. There, the Court had this to say about severance:

> At various points during the proceeding, Garcia and Soto moved for severance, arguing that their defenses were mutually antagonistic. Soto testified that he knew nothing about the drug conspiracy. He claimed that Garcia had asked him for a box, which he gave Garcia, and that he (Soto) did not know its contents until they were arrested. Garcia did not testify, but his lawyer argued that Garcia was innocent: The box belonged to Soto and Garcia was ignorant of its contents.

2

> Zafiro and Martinez also repeatedly moved for severance on the ground that their defenses were mutually antagonistic. Zafiro testified that she was merely Martinez's girlfriend and knew nothing of the conspiracy. She claimed that Martinez stayed in her apartment occasionally, kept some clothes there, and gave her small amounts of money. Although she allowed Martinez to store a suitcase in her closet, she testified, she had no idea that the suitcase contained illegal drugs. Like Garcia, Martinez did not testify. But his lawyer argued that Martinez was only visiting his girlfriend and had no idea that she was involved in distributing drugs.

506 U.S. at 536. Against this factual background the Supreme Court determined that "[m]utually antagonistic defenses are not prejudicial *per se.*" *Id.* at 538. Rather the Court explained, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539. The joint trial caused no legally cognizable prejudice in *Zafiro*, so the Supreme Court determined that the district court did not abuse its discretion in denying severance. *Id.* at 541.

In the Motion, Hill hints that at trial she intends to posit that Romello Wheeler (her suspected boyfriend) placed items, *i.e.* drugs, in a suitcase without her knowledge while the suitcase was at his apartment. Doc. 90, PageID 1218–19. It is her belief that Romello Wheeler intends to say at trial that the items found in the storage unit registered to Hill—and where she ultimately took the suitcase—cannot be linked to him. *Id.* These positions are very similar to those offered by defendants Zafiro and Martinez in *Zafiro*, with the added caveat that here, other individuals are alleged to have been at the apartment from where Hill and the suitcase departed. Doc. 92, PageID 1224–25. This cuts against Hill's argument that the jury would have to infer, based on her defense, that Romello Wheeler was the only individual who could have put drugs in the suitcase. But regardless of this fact, Hill has not shown that these defenses would mislead or confuse the jury, nor identified any risk of prejudice that could not

3

be cured by "less drastic measures, such as limiting instructions." *Zafiro*, 506 U.S. at 539; *United States v. Vinson*, 606 F.2d 149, 154 (6th Cir. 1979) ("Absent some indication that the antagonism between co-defendants misled or confused the jury, the mere fact that co-defendants attempt to blame each other does not compel severance."); *see, e.g., United States v. Crotinger*, 928 F.2d 203, 206 (6th Cir. 1991) (affirming joint trial where defendants blamed one another regarding the ownership of suitcases stuffed with marijuana).

Beyond this, Hill urges this Court to consider the varying degrees of culpability between her and the Wheeler Defendants. While the risk of prejudice is heightened in complex multi-defendant actions where defendants possess markedly different degrees of culpability, *Zafiro*, 506 U.S. at 539 (citing *Kotteakos v. United States*, 328 U.S. 750, 774–75 (1946)), Hill has not demonstrated that her culpability is markedly less than that of her co-defendants, nor that she would suffer specific and compelling prejudice even if that were true. She has been indicted on two drug-related counts: a trafficking conspiracy count that involves all three defendants and an intent to distribute count that involves her and Romello Wheeler.[1] *See* Doc. 15. Hill is alleged to have transported a suitcase containing 1,317.9 grams of fentanyl and 1,678.3 grams of 95% pure crystal methamphetamine to a storage unit registered to her. Doc. 92, PageID 1224–26. In addition to the storage unit, there were several vehicles registered to Hill that the Wheeler Defendants allegedly used to engage in drug-related activity. *Id.* Agents also recovered incriminating evidence from Hill's cell phone. *Id.*

The evidence and testimony to be presented in this case to prove the offenses charged against each of the defendants will be largely the same given the interwoven nature of the

---

[1] The remaining count in the three-count indictment, possession with intent to distribute, is brought against Stephen Wheeler, individually.

offenses and their alleged conduct. Thus, the facts present here trigger the "strong policy presumption [that] exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts." *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004). Additionally, Hill has not identified any concerns related to the admissibility of evidence between her and her co-defendants. *Warner II*, 971 F.2d at 1196 ("Where the same evidence is admissible against all defendants, a severance should not be granted."); *see also Zafiro*, 506 U.S. at 539 (identifying risks of prejudice arising out of admissibility concerns).

Hill further argues that certain evidence to be introduced against her co-defendants at trial goes beyond anything known to her. In this way, Hill seems to be arguing that there will be "spillover" of evidence or a disparity in the evidence presented against her in comparison to her co-defendants. This, however, is "generally not enough to cause the granting of a separate trial." *Harris*, 9 F.3d at 501 (citing *United States v. Causey*, 834 F.2d 1277, 1287–88 (6th Cir. 1987)). As the Sixth Circuit has acknowledged, "in a joint trial, there is always a danger that the jury will convict on the basis of the cumulative evidence rather than on the basis of the evidence relating to each defendant." *United States v. Warner*, 690 F.2d 545, 553 (6th Cir. 1982) (Warner I). But "the jury must be presumed capable of sorting out the evidence and considering the case of each defendant separately.'" *Id*. (quoting *United States v. Frazier*, 584 F.2d 790, 795 (6th Cir. 1978)). There is no reason to believe that a jury cannot do so here. *Cf. United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985) (refusing to find "spillover effect" in a case where "highly inflammatory testimony concerning . . . gruesome and brutal murders" had been admitted with respect to another defendant); *Warner I*, 690 F.2d at 552–53 (refusing to find "spillover effect" in a case where there was evidence brought against "three codefendants concerning drug transactions in which [defendant] was not involved.").

In a final push toward severance, Hill suggests that the criminal histories of her co-defendants will also cause her prejudice. But a defendant is not entitled to severance because a co-defendant has a criminal record. *Warner II*, 971 F.2d at 1196 (citing *United Staes v. Dalzotto*, 603 F.2d 642, 646 (7th Cir. 1979)). Severance therefore is unwarranted.

## II. CONCLUSION

Hill has made no showing of specific and compelling prejudice that would overcome the preference for a joint trial and require severance. And "even if there were some risk of prejudice, here it is the type that can be cured with proper instructions, and 'juries are presumed to follow their instructions.'" *Zafiro*, 506 U.S. at 540 (quoting *Richardson v. Marsh*, 481 U.S. 200, 211 (1987)). As a result, Hill's Motion to Sever (Doc. 90) is **DENIED**. This case remains set for a jury trial as to all defendants on November 4, 2024.

**IT IS SO ORDERED.**

October 8, 2024

Jeffery P. Hopkins
United States District Judge